IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FAUSTINO XAVIER BETANCOURT-COLÓN, <br><br> Plaintiff, <br><br> v. <br><br> PLAZA CAPARRA LLC, D/B/A PLAZA CAPARRA, AND SUPERMERCADOS MAXIMO, INC., <br><br> Defendants. | CIV. NO. 21-1342 (SCC) |

**OPINION AND ORDER**

Plaintiff Faustino Xavier Betancourt-Colón brings this lawsuit against Plaza Caparra LLC, d/b/a Plaza Caparra, and Supermercados Maximo, Inc., claiming that they have violated the Americans with Disabilities Act ("ADA"), the ADA's implementing regulations, and the Rehabilitation Act by failing to remove barriers that interfere with his use and enjoyment of their property. Docket No. 12-2 (certified translation of complaint). Supermercados has filed its answer. Docket No. 14. Plaza Caparra, however, has moved the Court

under Federal Rule of Civil Procedure 12(e) to order Betancourt-Colón to provide a more definite statement, arguing that it "cannot ascertain" the specific ADA violations that he alleges. Docket No. 9, pg. 2. We deny its motion.

Rule 12(e) allows a party who is required to respond to a pleading to seek a more definite statement where the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e); *see also LaLonde v. Textron, Inc.*, 369 F.3d 1, 6 & n.10 (1st Cir. 2004) (explaining that a Rule 12(e) motion is proper where the allegations are not specific enough to place the responding party on notice of the nature of the claims against it). But this rule is interpreted narrowly. Motions under it are disfavored and generally granted only if the complaint is "unintelligible." STEVEN S. GENSLER & LUMEN N. MULLIGAN, FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY Rule 12 (2021 ed.); *see also Kahalas v. Schiller*, 164 F. Supp. 3d 241, 248 (D. Mass. 2016) (stating that Rule 12(e) "is designed to remedy unintelligible pleadings, not merely to correct for lack of detail").

Rule 12(e) motions must "point out the defects complained of and the details desired." FED. R. CIV. P. 12(e). Plaza Caparra says that it cannot respond to Betancourt-Colón's complaint because it "cannot ascertain" the specific ADA violations that he alleges. Docket No. 9, pg. 2. It seeks "a more definite statement as to the purported violations of the . . . ADA." *Id.* at 2–3. His complaint, however, contains this information.

Betancourt-Colón claims that, among other barriers, Plaza Caparra lacks "the required number of accessible parking spaces," its "parking lot is not adequately maintained to keep it in 'operable condition,'" it has no parking space that "meet[s] the technical specifications and dimensions of the 'van' category" nor are one-sixth of its accessible parking spaces compliant with the "'van' category dimensions," "[t]he configuration and dimensions of accessible parking spaces are substantially inconsistent with applicable regulatory requirements," "[t]he positioning of the parking space signage is substantially inconsistent with applicable regulations," "[inaccessible] entrances do not have signs

indicating the location of the accessible entrances," and "the accessible entrances do not have the international handicapped symbol identifying them." Docket No. 12-2, pgs. 8–10. He also provides pictures of these barriers, describing them in greater detail in Annex A. *See id.* at 31–45. Moreover, he says that these barriers interfere with his right to full and equal enjoyment of the property. *Id.* at 14. Betancourt-Colón, therefore, has pleaded his theory of how Plaza Caparra has violated the ADA with enough specificity to put it on notice of the claims against it, *see LaLonde*, 369 at 6 & n.10, and "to respond intelligently" to them, *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017).

In sum, the Court **DENIES** Plaza Caparra's motion for a more definite statement (Docket No. 9). It has fourteen (14) days to file its answer. FED. R. CIV. P. 12(a)(4)(A).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of January 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE